Jason J. Rozger
**MENKEN SIMPSON & ROZGER LLP**
80 Pine Street, 33rd Floor
New York, New York 100005
Jrozger@nyemployeelaw.com
T: 212-509-1616
F: 212-509-8088
Attorneys for Plaintiff

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

-------------------------------------------------------x

JANE DOE,

    Plaintiff-Appellee,  **CASE NO. 23-2882**

 -against-

CAPITAL HEALTH SYSTEM,
INC., d/b/a CAPITAL HEALTH,

    Defendant-Appellant.
-------------------------------------------------------x

**PLAINTIFF'S MOTION TO EXTEND TIME TO MAKE MOTION TO PROCEED PSEUDONYMOUSLY, AND MOTION TO PROCEED PSEUDONYMOUSLY**

**INTRODUCTION**

1

Plaintiff files this motion in response to ECF No. 4, and respectfully requests that she be permitted to continue proceeding on appeal under a pseudonym, and be granted an extension of the expired deadline to file this motion *nunc pro tunc*. Defendant-Appellant does not oppose these motions.

### PLAINTIFF SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY

Proceeding under a pseudonym is appropriate in this appeal because the facts of the underlying case directly relate to Plaintiff's sensitive health information. Specifically, Plaintiff alleges that Capital Health installed a tracking pixel on its website that transmits its patients' names and protected health information (PHI) to third parties, including Facebook and Google, without its patients' consent. This PHI is highly sensitive and includes confidential information that patients communicated to Capital Health's website, such as the types of medical appointments they made, the date of their appointments, and the specific doctors who treated them.

While this appeal focuses solely on Capital Health's conduct and whether it meets the test for federal officer jurisdiction, information regarding Plaintiff's PHI will necessarily be disclosed during the litigation of the appeal. Accordingly, it is necessary to continue proceeding with the use of a pseudonym to protect the confidentiality of Plaintiff's medical information.

When litigation involves matters that are of a personal nature, courts permit a plaintiff to proceed anonymously to protect the plaintiff's privacy. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020). Courts are well within their discretion to allow a plaintiff to proceed under a pseudonym. *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 (3d Cir. 2008), *order clarified*, 543 F.3d 178 (3d Cir. 2008). Courts weigh the plaintiff's interest in anonymity and fear of disclosure against the public's

interest in an open litigation process and consider the following factors. *Megless*, 654 F.3d at 408. Many of these factors weigh in favor of allowing Plaintiff to continue proceeding under the pseudonym Jane Doe for this appeal. *See id*. at 409.

(1) **The extent to which the identity of the litigant has been kept confidential**. Jane Doe's identify has been kept confidential since filing suit in January 2023.

(2) **The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases.** Plaintiffs have a strong privacy interest in proceeding under a pseudonym as this case implicates her medical privacy. Indeed, the very core of Plaintiff's claims is that Capital Health is unlawfully disclosing information regarding her identities and medical treatment to third-parties. If Plaintiff were required to publicly disclose her name in connection with this lawsuit, she would therefore suffer the very harm for which they seek redress. *See Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2012) (granting leave to proceed as a pseudonym where "the revelation of Plaintiff's identity would yield the very injury that is the cynosure of the underlying litigation").

(3) **The magnitude of the public interest in maintaining the confidentiality of the litigant's identity.** This case alleges disclosure of medical information. Federal law presumptively views this information as private, *see, e.g.,* 45 C.F.R. § 160.103 (defining protected health information) and health care providers face criminal penalties for knowingly disclosing protected health information to another person, 42 U.S.C. § 1320d-6(a)(3).

**(4) Whether the party seeking to sue pseudonymously has illegitimate ulterior motives.** Jane Doe seeks to proceed under a pseudonym purely to avoid disclosing private medical information. Plaintiff will not use this pseudonym to avoid answering discovery with an adequate protective order.

Conversely, there are no factors weighing against Plaintiff continuing to proceed with a pseudonym. There is no "particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained." *See. Megless,* 654 F.3d at 409. Simply put, the public does not need to know Plaintiff's name to understand the facts of this appeal. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts.").

Finally, allowing Plaintiff to continue pursuing this appeal under a pseudonym will not prejudice Capital Health's appellate rights. *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *3 (D. Kan. July 12, 2018) ("granting plaintiff the relief sought by this motion will not prejudice U.S.D. No. 499's defense in the case"). This appeal focuses solely on whether Capital Health should be considered a federal officer for purposes of federal officer jurisdiction.

Plaintiff never intended for either third-party companies or the public to know about her private medical conditions. Indeed, that is precisely why she brought suit to enjoin Capital Health from further violating the privacy of its patients by selling their health information to Facebook and Google. Plaintiff should not be required to disclose her identity

as the cost of litigating this case. Accordingly, Plaintiff-Appellee respectfully requests that she be permitted to continue proceeding under the pseudonym Jane Doe for this appeal.

### PLAINTIFF'S TIME TO MAKE THIS MOTION SHOULD BE EXTENDED
### *NUNC PRO TUNC*

The original deadline set by the Court for filing this motion was due on November 19. Unfortunately, miscommunication between Plaintiff-Appellee's counsel resulted in that deadline not being met. Because Defendant-Appellant does not oppose this application, and no prejudice or delay will ensue, Plaintiff-Appellee respectfully requests that the deadline for filing this motion be extended *nunc pro tunc* to the present day.

### CONCLUSION

For the foregoing reasons, Plaintiff-Appellee should be permitted to continue proceeding on appeal under a pseudonym, and be granted an extension of the expired deadline to file this motion *nunc pro tunc*.

Respectfully submitted,

S/
Jason J. Rozger
MENKEN SIMPSON & ROZGER LLP
80 Pine St., 33rd Floor New York, NY 10005
T: (212) 509-1616
F: (212) 509-8088
jrozger@nyemployeelaw.com

Foster C. Johnson*
David Warden*

AHMAD, ZAVITSANOS, & MENSING,

5


P.C.
1221 McKinney St., Ste. 3460
Houston, TX 77010
T: (713) 655-1101
F: (713) 665-0062
fjohnson@azalaw.com
dwarden@azalaw.com

\* Motions for Admission to be filed

***Attorneys for Plaintiff and the Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2023, copies of the foregoing Motion to Remand and proposed order were served on the following defense counsel via email:

Scott S. Christie schristie@mccarter.com
Matthew A. Sklar msklar@mccarter.com
Katarina Overberg koverberg@mccarter.com

        Respectfully submitted,

        *s/ Jason J. Rozger*

        MENKEN SIMPSON & ROZGER LLP
        80 Pine St., 33rd Floor
        New York, NY 10005
        T: (212) 509-1616
        F: (212) 509-8088
        jrozger@nyemployeelaw.com

        *Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF ADMISSION

The undersigned certifies that I am admitted to practice before this Court.

Dated:  December 1, 2023

_____s/_____
Jason J. Rozger

## CERTIFICATE OF UNCONTETED MOTION

The undersigned certifies that, based on email communication with counsel for Defendant-Appellant on November 30, 2023, this motion is uncontested.

Dated: December 1, 2023

                                                   _____s/_____
                                                     Jason J. Rozger