

PAUL TURKEVICH
DIRECT 713.600.4917
MAIN 713.655.1101
FAX 713.655.0062
PTURKEVICH@AZALAW.COM

March 11, 2024

**Via CM/ECF**
Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: *Donna Cheesman (Appellee) v. Capital Health, Inc., d/b/a Capital Health (Appellant)*, No. 23-2882 (D.N.J. No. 3-23-cv-01247).

Ms. Dodszuweit,

I write to briefly respond to Appellant Capital Health's March 8, 2024 Letter (ECF No. 40). Plaintiff has complied with the Court's order despite Appellant's repeated efforts to say otherwise. *See* ECF Nos. 38, 40.

My co-counsel, Jason Rozger, filed its Second Amended Complaint with the Mercer Superior Court on March 1. Ex. 1 ¶ 7 (Rozger Decl.). This is the same pleading that Appellee sent to opposing counsel on February 26, 2024. *Id.*

Because Capital Health never filed an Answer, and Plaintiff did not move for a default judgment, on February 24, 2024 the trial court administratively closed the case for "lack of prosecution." Ex. 1 ¶ 4.[1] This is reflected in Exhibit 1 to ECF No. 40. This was an administrative error autogenerated by the court system. Ex. 1 ¶ 5.

---

[1] Appellee did not move for a default judgment in the state trial court because the Parties have been litigating the case, and Capital Health represented to the court that it would file a motion to dismiss or answer by March 1. Ex. 1 ¶ 5.

Because the case is "administrative closed," the New Jersey trial court apparently does not docket any new pleadings (complaints / answers) but automatically accepts that motions are filed. Ex. 1 ¶ 4.

On March 1, 2024, in addition to the Second Amended Complaint, Appellee filed a Motion to Reinstate to correct this administrative issue. Ex. 1 ¶ 6. Capital Health refused to consent to this Motion, *id.*, causing the "administrative" motion to be submitted in the normal course for a March 28 ruling. *See* ECF No. 40 Ex. 1.

This clerical error, like the jurisdictional limbo that Appellant's previously blamed Plaintiff for, is an issue of Appellant's doing for delaying the case and not filing a responsive pleading for months after the District Court remanded the case.

Plaintiff has complied with the Court's order despite Appellant's repeated efforts to say otherwise. *See* ECF Nos. 38, 40.

Sincerely,

Paul S. Turkevich

# Exhibit 1

No. 23-2882

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

DONNA CHEESMAN,
*Plaintiff-Appellee*,
v.
CAPITAL HEALTH SYSTEM INC., d/b/a CAPITAL HEALTH,
*Defendant-Appellant*.
Appeal from an Order dated September 19, 2023
(The Honorable Zahid N. Quraishi)
in the United States District Court for the District of New Jersey,
No. 3-23-cv-01247

## DECLARATION OF JASON ROZGER.

1. I am a principal of the law firm of Menken Simpson & Rozger LLP, 80 Pine St., 33rd Floor, New York, New York 10005, and am admitted to practice before the Courts of the State of New Jersey, the United States District Court for the District of New Jersey, and the Third Circuit Court of Appeals. I am a member in good standing and am not under suspension or disbarment by these courts or by any other court.

2. I am co-counsel with Foster C. Johnson, Paul S. Turkevich. and David E. Warden., all from Ahmad, Zavitsanos & Mensing, PLLC, representing Plaintiff-Appellee Donna Cheesman in the above-captioned matter and in the case Civil Action No. MER-L-000148-23 in the Superior Court of New Jersey for Mercer County.

3. I submit this declaration in support of Paul Turkevich's March 11, 2024 Letter to the Court (ECF No. 41).

4. The New Jersey state court system administratively "closed" the case because Plaintiff did not file a motion for default judgment after Capital Health failed to file an Answer. This is reflected in the docket sheet as a "Lack of Prosecution Dismissal Order" autogenerated by the system. This closed status apparently does not allow any future pleadings (answers / complaints) but does automatically docket motions.

5. The lack of prosecution dismissal was entered in error. Capital Health did not file an answer in 2024 because it removed the state court action to federal court and then did not file an answer or motion to dismiss upon remand to the trial court, instead moving to stay the case pending this appeal. That motion was denied on February 16, 2024. Plaintiff did not move for a default judgment because Capital Health represented in a letter it filed with Superior Court on February 8, 2024 that it would respond to the complaint by March 1, 2024.

6. On March 1, 2024, I filed a Motion to Reinstate to correct this administrative issue. I asked Capital Health if it would consent to this administrative motion and Capital Health never responded to my request.

7. On Friday, March 1, I filed Plaintiff's Second Amended Complaint. This is the same pleading that Mr. Turkevich sent to opposing counsel on

February 26, 2024. Although the e-filing system indicated to me that the document was filed, it did not subsequently appear on the case jacket.

8. If executed within the United State, its territories, possessions, or commonwealths: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 11, 2024

                                                      Jason Rozger, Esq
                                              Attorney for Plaintiff-Appellee