PAUL TURKEVICH
DIRECT 713.600.4917
MAIN 713.655.1101
FAX 713.655.0062
PTURKEVICH@AZALAW.COM

**August 6, 2024**

*Via CM/ECF*
Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: Response to Order to Show Cause [ECF No. 43] in *Jane Doe [Donna Cheesman] (Appellee) v. Capital Health, Inc., d/b/a Capital Health (Appellant)*, No. 23-2882 (D.N.J. No. 3-23-cv-01247); Case consolidated for disposition with Nos. 23-2866 and 23-3049.

Ms. Dodszuweit,

This letter responds to the Court's August 2, 2024 Show Cause Order regarding the name of Plaintiff-Appellee [ECF No. 43].

In response to the Court's February 21, 2024 Order [ECF No. 34], on March 4, 2024, I disclosed Ms. Donna Cheesman as the name of Plaintiff-Appellee to be used in this appeal. [ECF No. 37].[1] Ms. Cheesman is the new putative class representative for this class action case. Because this is an appeal from the district court's remand based on a lack of federal jurisdiction, the case is proceeding in New Jersey state court. Prior to disclosing her name to this Court, on February 26, Ms. Cheesman was added by an amended complaint in place of the original Jane Doe in New Jersey state court.

When I made the March 4, 2024 filing [ECF No. 37], I meant and was attempting to comply with the Order to disclose the name of Ms. Cheesman as Plaintiff-Appellee. I failed however to simultaneously formally request that, under Rule 43, Ms. Cheesman be substituted as the name of Plaintiff-Appellee for this appeal. That failure was inadvertent and not intended to confuse the Court or create any misimpression about the identity of Plaintiff-Appellee.

---

[1] In January 2024, the original plaintiff (Jane Doe, real name is Jungeun Kim) did not give me permission to disclose her name based on her concerns about her ongoing treatment at Capital Health. *See* [Jane Doe Declaration, ECF No. 25-3, ¶¶ 3-6]. Ms. Kim is no longer receiving treatment from Capital Health and has since given me permission to disclose her identity to the Court. Ms. Kim is not serving as the putative class representative.

I believed I had complied with the Court's Order when I read the Pacer docket description after filing which stated that the Letter for Appellee Jane Doe was "providing Appellee's Name Donna Cheesman." [ECF No. 37]. Pacer also automatically changed the name of Appellee Jane Doe to Donna Cheesman for earlier filings on the system, including my co-counsel and my notices of appearances [ECF Nos. 5, 6, 12].

I apologize for any confusion or misimpression created by my filing. That was not my intent. I respectfully request that the Court construe the March 4, 2024 Letter [ECF No. 37] disclosing Ms. Cheeseman's name as a <u>Motion to Substitute New Appellee in Place of Jane Doe under Rule 43(b)</u> or allow me to file a formal motion to substitute. *See Johnson v. GEICO Cas. Co.*, 672 Fed. Appx. 150, 157 (3d Cir. 2016) ("a court may grant leave to substitute new representatives when a named class representative becomes inadequate ….").

Construing the letter-disclosure as a motion to substitute a new appellee is the same relief issued in the associated case, *Jim McLaughlin, et al v. Redeemer Health, et al* (No. 23-2866). In that case, on March 1, plaintiff's counsel disclosed the name of the new plaintiff and indicated that she had filed an amended pleading in Pennsylvania state court substituting the putative class representative. [No. 23-2866, ECF No. 45]. On March 8, the Court construed this disclosure letter as a Motion for Reconsideration and to Substitute New Appellees in Place of Jane Doe, granted the Motion, and changed the name of Plaintiff-Appellee to Jim McLaughlin on the docket. [No. 23-2866, ECF No. 46].

If helpful, here is a brief recount of the filing history on this issue in this Court.

On December 1, 2023, Plaintiff filed a Motion to Proceed Pseudonymously [ECF No. 16]. On January 11, 2024, the Court denied Plaintiff's Motion and directed Plaintiff to disclose Plaintiff's name within 10 days. [ECF No. 19].

On January 21, 2024, Plaintiff filed a Motion to Reconsider the Court's Order with supporting affidavits from Plaintiff Jane Doe discussing her ongoing medical treatment as her basis to not disclose her name. [ECF No. 25]. On February 21, the Court denied that Motion to Reconsider the January 11, 2024 Order and directed Plaintiff to disclose the name of Plaintiff within 10 days. [ECF Nos. 34-35].

On March 4, as explained above, I disclosed Ms. Donna Cheeseman's name to be used in this appeal as Plaintiff-Appellee. [ECF No. 37]. Ms. Cheesman is the substituted putative class representative for the appeal and the underlying state court action.

Prior to that, on February 26, in New Jersey state court, Plaintiff filed her Second Amended Complaint that substituted Donna Cheesman as the putative class representative

for Jane Doe. However, due to an administrative error at the state court, this complaint was not formally docketed until April 19, when the court formally restored the case.

Between March 6 and March 11, Plaintiff-Appellee (Ms. Cheesman) and Defendant-Appellant (Capital Health) filed letters in this court addressing this issue. [ECF No. 37-41]. On March 11, I explained the administrative issue in state court that caused the second amended complaint not to be docketed. [ECF No. 41]. On April 19, the New Jersey state court "restored" the case. The Parties are proceeding with discovery and have had a hearing on a motion to dismiss for failure to state a claim.

\*     \*     \*

I hope that this Letter addresses the Court's concerns regarding the name of Plaintiff-Appellee. I am available at the Court's convenience if it has any questions.

Respectfully,

Paul S. Turkevich